IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KENT HOOVER,

         Plaintiff

  vs.                                  Case No. 13-4151-SAC

COUNTY COMMISSIONERS OF
WILSON COUNTY, KANSAS, RUSS
WALKER, JIM RICHARDSON, and
CASEY LAIR, Members,

         Defendants.

MEMORANDUM AND ORDER

The plaintiff Kent Hoover filed a petition in Wilson County, Kansas, alleging that he was denied the right to return to work, his job was eliminated, and he was prevented from seeking other employment, all in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and alleging that he was entitled to overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The defendants removed this action in December of 2013 and filed their answer in February of 2014. The parties now have filed a joint motion for approval of their settlement regarding the FLSA claim. (Dk. 9).

The entire action, both the FMLA and the FLSA claims, has been settled for the amount of $30,000. The parties agree that $10,000 of the settlement is for the plaintiff's FLSA claim and that this settlement amount

represent a fair and reasonable settlement of the claim. Plaintiff's counsel represents his reasonable fees for the FLSA claim to be $5,000.

Proposed FLSA settlements must be presented to the court for review and a determination whether the settlement is fair and reasonable. *Gambrell v. Weber Carpet, Inc.*, No. 12-2131-KHV, 2012 WL 162403, at *2 (D. Kan. Jan. 19, 2012)(citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)). The court's review entails:

> If the settlement reflects a reasonable compromise of issues actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. *Id*. at *2 (citing *Lynn's Food Stores*, 679 F.2d at 1354): *McCaffrey* [*v. Mortg. Sources, Corp.*,] 2011 WL 32436, at *3 [(D. Kan. Jan. 5, 2011)].
> To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. *See McCaffrey*, 2011 WL 32436, at *2.

*Grove v. ZW Tech, Inc.*, No. 11-2445-KHV, 2012 WL 4867226, at *2-*3 (D. Kan. Oct. 15, 2012).

The court has carefully read and considered all of the details provided in the parties' amended joint motion for approval of the settlement. Parties seeking approval of FLSA settlements must offer sufficient information from which to determine whether a bona fide dispute exists. The plaintiff worked as a mechanic for the defendant and has alleged that he routinely clocked in one-half hour early. The defendant's position is that the plaintiff was repeatedly instructed not to clock in before 7:00 a.m. and that overtime compensation would not be paid if he did so. The plaintiff disputes

that the defendants objected to his routine of clocking in early. Contesting the plaintiff's computation of $5,300 owed in back wages for 2.5 overtime hours worked each week, the defendants calculate $4,050 in back wages after accounting for those weeks when plaintiff was on leave, vacation, or sick, and his extra hours were deducted. Based on this record, the Court finds that the parties have a bona fide dispute.

A fair and reasonable FLSA settlement is "reasonable to the employee and must not frustrate the policies embodied in the FLSA." *Peter v. Care 2000 Home Healthcare Services of Hutchinson, Inc.*, 2013 WL 441069 at *2 (D. Kan. 2013). There is nothing here to suggest that the parties failed to negotiate the settlement fairly and honestly. Among the relevant considerations in their settlement, the parties cite the ability of the county to pay, the cost of litigation, the actual hours of overtime worked, and the possibility of liquidated damages. The parties agree that a settlement of $10,000 is a fair and reasonable settlement for the dispute under these circumstances. Because this is not a collective action and the record does not indicate the likelihood of other employees similarly situated to the plaintiff, the defendant's non-compliance appears to be an isolated incident, and the settlement is therefore consistent with the FLSA's purpose.

On the reasonableness of attorney's fees, the court examines "whether plaintiff's counsel is adequately compensated" and whether a conflict of interest exists. *Id.* at *3. The FLSA settlement here is for $10,000,

and the plaintiff's attorney's fees total $5,000. The plaintiff's counsel and defendant's counsel agree this fee is reasonable for the work performed on this claim. The record does not indicate the likelihood of a conflict of interest. The court finds the fee here to be reasonable and adequate compensation.

IT IS THEREFORE ORDERED that the parties' joint motion for approval of settlement agreement (Dk. 9) is granted.

Dated this 25th day of March, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge